1  MICHAEL N. WESTHEIMER, CA Bar No. 178938
   michael.westheimer@ogletree.com
2  BENJAMIN A. MAINS, CA Bar No. 274056
   benjamin.mains@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  One Embarcadero Center, Suite 900
   San Francisco, CA  94111
5  Telephone:    415-442-4810
   Facsimile:    415-442-4870
6
   Attorneys for Defendant
7  FASTENAL COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES VELASQUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FASTENAL COMPANY, a Minnesota corporation; BRIAN KONICKE, an individual; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 BY DEFENDANT FASTENAL COMPANY**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:  December 7, 2021<br>Trial Date:        None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Fastenal Company ("Defendant Fastenal") hereby removes the above-captioned action from the Superior Court of the State of California, County of Santa Cruz ("Santa Cruz Superior Court") to this Court pursuant to 28 U.S.C. §§ 1332, 1367, 1441(b), and 1446, on the grounds that: (1) there is complete diversity of citizenship between Plaintiff James Velasquez ("Plaintiff"), a citizen of the State of California, and Defendant Fastenal, a citizen of the State of Minnesota; (2) the citizenship of non-diverse, individually-named defendant Brian Konicke ("Defendant Konicke"), who remains unserved as of the date of this filing, is properly disregarded because Defendant Konicke was fraudulently joined in the action as a sham defendant; (3) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (4) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

I.  **THE STATE COURT ACTION**

1. On December 7, 2021, Plaintiff initiated the action by filing an unverified Complaint entitled *James Velasquez v. Fastenal Company, Brian Konicke, and Does 1 through 10* (the "Complaint") in Santa Cruz Superior Court, Case No. 21CV02933 (the "State Action"). *See* Declaration of Benjamin A. Mains ("Mains Decl.") filed herewith, ¶ 2, Exh. A. The Complaint pleads nine causes of action under California state law: (1) discrimination based on physical disability under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, *et seq.*; (2) failure to accommodate disability under FEHA; (3) failure to engage in good faith interactive process under FEHA; (4) harassment – hostile workplace environment under FEHA; (5) failure to prevent discriminatory practices under FEHA; (6) retaliation under FEHA; (7) interference with statutory leave under California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2; (8) retaliation for requesting/taking leave under CFRA; and (9) wrongful termination in violation of public policy. *Id.* Defendant Fastenal is named as defendant to all causes of action, and Defendant Konicke is named as a defendant to only the fourth cause of action. *Id.*

2. On December 27, 2021, Plaintiff first effected service of the summons and Complaint

on Defendant Fastenal, pursuant to the provisions of California Civil Procedure Code § 415.30. *See* Mains Decl. ¶ 3, Exh. B.

3. On January 21, 2022, Defendant Fastenal timely filed its Answer to the Complaint in Santa Cruz County Superior Court. *See* Mains Decl. ¶ 4, Exh. C.

4. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, true and correct copies of all process, pleadings, and orders served upon Defendant Fastenal, and all records and proceedings in the State Action are provided with this Notice of Removal. *See* Mains Decl. ¶¶ 2-6, Exhs. A-D.

5. As of the date of this removal, Plaintiff has not yet effected service of the summons and Complaint on the other named defendant, Defendant Konicke. *See* Mains Decl. ¶ 6.

## II. REMOVAL IS TIMELY

6. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b).

7. As set forth in Paragraphs 2 above, Plaintiff first effected service on Defendant Fastenal on December 27, 2021, pursuant to California Civil Procedure Code § 415.30. *See* Mains Decl. ¶ 3, Exh. B. Defendant Fastenal timely executed a "Notice of Acknowledgment and Receipt" of the summons and Complaint on December 27, 2021 and returned it to Plaintiff's counsel, and service on Defendant Fastenal was effective on that date. *Id., see* Cal. Civ. Proc. **§** 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."). Defendant Fastenal is filing this Notice of Removal within 30 days of service, and removal therefore is timely.

8. Defendant Fastenal is the only named defendant to have been served in this action at the time of removal to this Court. As set forth in Paragraphs 2 above, Plaintiff has not effected service on Defendant Konicke as of the date of this filing. *See* Mains Decl. ¶ 6. As an unserved individual defendant, Defendant Konicke is not required to join or consent to the Notice of Removal. *Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the Notice of Removal), superseded by statute on other grounds in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988). The consent of any

other defendant to removal is therefore inapplicable.  *See* 28 U.S.C. § 1446(b)(2)(A).

### III.  JURISDICTION

9. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Court has jurisdiction of this action because: (i) there is complete diversity of citizenship between Plaintiff, a citizen of the State of California, and Defendant Fastenal, a citizen of the State of Minnesota; (ii) Defendant Konicke's citizenship is properly disregarded because he was fraudulently joined in the action as a sham defendant; and (iii) the amount in controversy exceeds $75,000.

### IV.  COMPLETE DIVERSITY OF CITIZENSHIP AS BETWEEN PLAINTIFF AND DEFENDANT FASTENAL

10. For diversity purposes, an individual's citizenship is determined by the individual's "domicile." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  The individual's "domicile" is "him permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

11. Plaintiff pleads in the Complaint that he is a resident of the County of Santa Cruz, State of California, where he has resided since at least January 2017.  Mains Decl. ¶ 2, Exh. A at ¶¶ 1, 6, 10, 25.  Defendant alleges accordingly that Plaintiff is and was domiciled in the state of California at all times relevant to this removal.

12. For removal purposes, a corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the State in which the corporation's officers direct, control, and coordinate the corporation's activities.  *The Hertz Corporation v. Friend et al.*, 559 U.S. 77, 78 (2010) ("[T]he phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters.").

13. Defendant Fastenal, both at the time of the filing of this action and currently, is

incorporated in the State of Minnesota.  Declaration of Reyne Wisecup in Support of Removal filed herewith ("Wisecup Decl."), ¶¶ 2-3.  Defendant Fastenal's principal place of business, both at the time of the filing of this action and currently, is located in the state of Minnesota.  *Id*. at ¶ 3.  Fastenal's corporate headquarters is located in Minnesota and its high level officers direct, control and coordinate the corporation's activities in Minnesota.  *Ibid*.  The foregoing establishes that Defendant Fastenal is a citizen of the state of Minnesota.

14. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

15. Since Plaintiff is a citizen of California, and Defendant Fastenal is a citizen of Minnesota, complete diversity exists, and at all relevant times has existed, as between Plaintiff and all non-fraudulently joined defendants.  As detailed below, Defendant Konicke is a fraudulently-joined, sham defendant whose citizenship is properly disregarded.

## V. **DEFENDANT KONICKE IS A FRAUDULENTLY-JOINED, SHAM DEFENDANT WHOSE CITIZENSHIP IS PROPERLY DISREGARDED**

16. Defendant Konicke's citizenship is properly disregarded because he is a sham defendant who was fraudulently joined in the action.  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

17. In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998), cert denied, 525 U.S. 963, 119 S. Ct. 407 (1998) (sham defendants may be disregarded when determining diversity jurisdiction).  If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendant, then that defendant has been fraudulently joined and must be ignored for the purposes of diversity jurisdiction.  *Id.* at 1318-19.

18. Plaintiff's Complaint fails to set forth any "well-plead factual allegations" that would establish any valid cause of action against Defendant Konicke. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (mere conclusions are not entitled to the assumption of truth). Defendant Konicke is named as a defendant to only the fourth cause of action for "Harassment—Hostile Work Environment" under FEHA. Mains Decl. ¶ 2, Exh. A at ¶¶ 50-64. However, Plaintiff's sole *factual* allegations against Defendant Konicke in the Complaint are as follows:

- The Complaint alleges that Defendant Konicke was Plaintiff's supervisor, and that Plaintiff provided documentation to Defendant Konicke about a medical leave of absence in September 2020. *Id.* at ¶ 11.
- The Complaint alleges that on January 19, 2021, Plaintiff informed Defendant Konicke that he was having a medical condition. *Id.* at ¶ 12.
- The Complaint alleges that on January 27, 2021, Plaintiff informed Defendant Konicke again that he was having a medical condition, that Defendant Konicke instructed Plaintiff to leave work early, and that Plaintiff provided related documentation to Defendant Konicke and Human Resources. *Id.* at ¶ 13.
- The Complaint alleges that Defendant Konicke contacted Plaintiff on February 8-9, 2021, and requested that Plaintiff report for a meeting. *Id.* at ¶ 14.
- The Complaint alleges that on February 10, 2021, Defendant Konicke and Plaintiff had a phone call in which Defendant Konicke accused Plaintiff of falsely invoicing a customer in November 2020 and questioned Plaintiff about damage to work vehicles, and Plaintiff provided explanations. *Id.* at ¶ 15. The Complaint further alleges that Defendant Fastenal terminated Plaintiff's employment the same day, February 10, 2021. *Id.* at ¶ 16.
- The Complaint pleads that the basis for Plaintiff's harassment cause of action is: "Defendant Konicke's wrongfully accusing [Plaintiff] of falsely invoicing a customer and damaging company property." *Id.* at ¶ 54.

As a matter of law, the foregoing allegations fail to state a cause of action against Defendant Konicke, either for harassment outside the scope employment or any other claim for which he

could be held individually liable.  Defendant Konicke was fraudulently joined as a sham defendant.

19.  California law is clear that the above factual allegations fail to state a claim of harassment against Defendant Konicke as a matter of law.  In *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55 (1996), the court drew a clear legal distinction between claims of harassment for which an supervisor can be held individually liable, and claims of discrimination for which there is no individual liability.  *Janken*, 46 Cal.App.4th at 62-65.  "[I]t was the intent of the Legislature to place individual supervisory employees at risk of personal liability for personal conduct constituting harassment, but that it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory." *Id.* at 62.  "[C]ommonly necessary personnel management actions" such as "hiring and firing" and "performance evaluations" do not come within the meaning of harassment.  *Id.* at 64-65.  "These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id*. at 65.  Applying this rationale, the court held that the trial court acted correctly in sustaining the individual defendants' demurrers and dismissing them from the action as a matter of law. *Id*. at 61-62, 80.  Similar to this case, the plaintiffs relied on allegations that the individual defendants had accused them of misconduct and terminated their employment. *Id.* at 79. The court held: "The allegations in the complaint here fail to plead facts which, if true, could legally constitute harassment. All the actions alleged here are within the realm of properly delegated personnel management authority." *Id.*  "This alleged conduct, if first proven true and if then proven motivated by prohibited considerations, would constitute discrimination, not harassment. Since we have concluded that only employers — and not individual supervisory employees — are at risk of liability for discrimination, and since only discrimination is alleged here, the trial court was correct in dismissing the individual supervisory employees." *Id*. at 79-80.

20.  In *Reno v. Baird,* 18 Cal.4th 640 (1998), the California Supreme Court expressly adopted the above holdings in *Janken*, including the legal distinction between discrimination and harassment, and the rejection of individual liability for the types of personnel management actions

alleged in the Compliant. *Reno*, 18 Cal.4th at 645-656, 662-663; see also *Jones v. Lodge at Torrey Pines Partn.*, 42 Cal.4th 1158 (2008).

21.     Here, the Complaint rests entirely on allegations that Plaintiff's employment was terminated for alleged misconduct while he was on a CFRA medical leave of absence. In addition to failing to state a claim against Defendant Konicke for "harassment," Plaintiff's attempt to include him is further belied by clear law establishing there is no individual liability under CFRA. *Nazir v. United Airlines, Inc.,* 178 Cal.App.4th 243, 287 (2009).

22.     In *Lewis v. Home Depot U.S.A., Inc.*, No. C-12-6354 EMC, 2013 WL 843089 (N.D. Cal. Mar. 6, 2013), another district court considered a factually similar case, and ruled the action was properly removed to federal court on diversity grounds and that the non-diverse individual defendant's citizenship was disregarded because he was fraudulently joined in the action as a sham defendant. *Lewis* at *1, 5. "[T]he Court agrees with Home Depot that Ms. Perez was fraudulently joined to the instant case, and therefore her citizenship may be disregarded. Without Ms. Perez, there is complete diversity, and therefore Home Depot properly removed the case to federal court." *Id*. at *5. The same rationale applies here. Defendant Konicke was fraudulently joined in the action as a sham defendant, so his citizenship is properly disregarded. Without Defendant Konicke, there is complete diversity, and therefore Defendant Fastenal properly removed the case to this Court.

## VI.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

23.     Where, as here, the Complaint does not specify a particular amount of damages, the removing defendant need only establish by a preponderance of evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 111 (9th Cir. 2004) (amount-in-controversy inquiry in the removal context is not confined to the face of the complaint). The removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 403-04.

24.     In determining whether the jurisdictional minimum is met, the court considers all recoverable damages, including statutory penalties and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d

1150, 1155-56 (9th Cir. 1998).

25. As detailed below, the amount in controversy in this case more likely than not exceeds $75,000, without even accounting for the punitive damages, as summarized in this chart:[1]

| Type of Damages/Claim | Amount in Controversy |
|---|---|
| Lost Earnings | $207,700 |
| Attorneys' Fees | $75,000+ |
| Emotional Distress | $75,000+ |
| **Total** | **$374,720+** |

A. **Lost Earnings**

26. Plaintiff seeks to recover lost earnings in an unspecified amount that he contends he has suffered and will continue to suffer. *See* Mains Decl. ¶ 2, Exh. A at ¶¶ 22, 33, 44, 59, 68, 79, 193, 204, 214.

27. The court may consider lost earnings calculated from Plaintiff's termination through the anticipated trial date in determining the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely [the amount] already incurred").

28. When Plaintiff's employment ended on October 21, 2019, he was being paid a salary of $4,500.00 per month, plus commissions. Wisecup Decl. ¶ 4.

29. Based on the most recent Judicial Caseload Profile obtained from the United States Northern District of California, last revised December 31, 2020, states that the median time from filing to trial for civil cases in this Court is 36.2 months. *See* Request for Judicial Notice ("RJN") filed herewith, Exh. 1 (US District Court Median Time Intervals). Accordingly, the reasonably likely

---

[1] By estimating the amount Plaintiff might recover if he prevails, Defendant Fastenal does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant Fastenal reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

trial date in this matter will be in around December 2024, which is 46 months after Plaintiff's termination on February 10, 2021. *Id.*; *see also* Wisecup Decl. ¶ 4.

30. Applying Plaintiff's $4,500.00 per month salary at the time of termination of his employment to the 46-month interval between his termination and reasonably likely trial date, the amount of lost earnings in controversy in this case is at least $**207,200**.

### B. Attorneys' Fees

31. Plaintiff also seeks to recover attorneys' fees. *See* Mains Decl. ¶ 2, Exh. A at ¶¶ 27, 38, 49, 64, 73, 84, 198, 209, Prayer for Relief.

32. When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy. *Galt G/S, supra,* 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

33. If Plaintiff prevails on his first, second, third, fourth, fifth, and sixth causes of action, Plaintiff may recover attorneys' fees. *See* Cal. Govt. Code § 12965(b) (courts may award attorneys' fees to a "prevailing party" in FEHA actions); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (Cal. Ct. App. 2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust"). Accordingly, Plaintiff's request for attorneys' fees is properly considered in determining the amount in controversy.

34. The Court may consider all attorneys' fees that, at the time of removal, can reasonably be anticipated will be incurred over the life of the case. *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

35. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, *supra*, 209 F. Supp. 2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in

individual discrimination cases often exceed the damages").

36. Courts in this circuit have found an hourly rate of at least $525 for employment discrimination cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding that the lead attorney's $550 hourly rate and the associate's $350 hourly rate were both reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (finding a district court did not err in awarding $550 per hour for partners).

37. Courts in this circuit have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

38. Here, Defendant Fastenal anticipates that the parties will propound written discovery and that depositions of key witnesses, including a deposition of Plaintiff himself, will be necessary to evaluate the claims at issue. Defendant will also likely file a motion for summary judgment, or partial summary judgment. Preparing for, and responding to, these actions alone will likely trigger significant attorneys' fees, which Plaintiff can recover under the California Fair Employment and Housing Act if successful on at least one of his claims.

39. Based on the typical hourly rate for employment counsel in this circuit and the estimated time to litigate an employment action through trial, Plaintiff will have put at least **$75,000** in attorneys' fees in controversy.

C. **Emotional Distress**

40. Plaintiff seeks to recover emotional distress damages. Mains Decl. ¶ 2, Exh. A at ¶¶ 23, 34, 45, 60, 69, 80, 194, 25, and 215. Indeed, Plaintiff alleges causes of action for failure to

accommodate, failure to engage in the interactive process, discrimination, and wrongful discharge, which allow for such damages. *Id.*

41. Emotional distress damages are properly considered in calculating the amount in controversy. *Simmons, supra,* 209 F. Supp. 2d at 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

42. Although Plaintiff does not state in his Complaint a certain amount for emotional distress damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

43. The following cases establish that in employment discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement. *See Bennett v. Alaska Airlines, Inc.*, CV 14-2804 FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases):

- *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case where the plaintiff did not seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress);
- *Campbell v. Nat'l Passenger Railroad Corp.*, 12 Trials Digest 12th 16, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case);
- *Betson v. Rite Aid Corp., 34 Trials Digest 14th 9*, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011) (awarding $500,000 for pain and suffering to employee in discrimination action).

44. Accordingly, the amount in controversy on Plaintiff's claims for emotional distress

damages, alone, are more likely than not to exceed **$75,000**.

     **D.**    **Punitive Damages**

45.    The inclusion of punitive damages further affirms that the amount in controversy requirement is met here. Mains Decl. ¶ 2, Exh. A at ¶¶ 26, 37, 48, 63, 72, 83, 197, 208, 218, Prayer for Relief.

46.    Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

47.    California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994). An examination of jury awards show that punitive damages awards, alone, in employment discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

48.    Plaintiff's claim for punitive damages, alone, exceeds the requisite $75,000 amount in controversy threshold. *Simmons*, *supra*, 209 F. Supp.2d at 1031-35 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal and unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and anticipated attorneys' fees through trial, satisfied the amount in controversy requirement); *see e.g. Lang v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County Superior Court awarded $175,000 in punitive damages on a wrongful termination claim); *see, e.g., Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive damage award).

49.    Therefore, the inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

///

### VII. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

50. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court within which the action is pending.

51. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under Civil L.R. 120(d), this action shall be assigned to the Court's San Jose Division as it arises out of Santa Cruz County.

52. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by Exhibits A-D, which are copies of all process, pleadings, and orders served on Defendant. *See* Mains Decl. ¶¶ 2-6.

53. In accordance with 28 U.S.C. §1446(b), this Notice of Removal was filed within 30 days of the effective date of service on Defendant Fastenal.

54. In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the removal of this action to Plaintiff via his counsel, and file a copy of that notice with the Santa Cruz Superior Court.

### VIII. PRAYER FOR REMOVAL

55. Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant respectfully requests that the Court exercise its removal jurisdiction over this Action. In the event the Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

### IX. INTRADISTRICT ASSIGNMENT

56. Pursuant to Local Rule 3-2, Removal and Intradistrict Assignment to the San Jose Division of this Court is proper because the alleged acts and occurrences arose in the County of Santa Cruz. Mains Decl. ¶ 2, Exh. A at ¶ 10.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant Fastenal hereby removes the above action to this Court.

DATED: January 26, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Benjamin A. Mains*
MICHAEL N. WESTHEIMER
BENJAMIN A. MAINS
Attorneys for Defendant
FASTENAL COMPANY