1  MICHAEL N. WESTHEIMER, CA Bar No. 178938
michael.westheimer@ogletree.com
2  BENJAMIN A. MAINS, CA Bar No. 274056
benjamin.mains@ogletree.com
3  OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4  One Embarcadero Center, Suite 900
San Francisco, CA  94111
5  Telephone:     415-442-4810
Facsimile:     415-442-4870
6

7  Attorneys for Defendant
FASTENAL COMPANY

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

JAMES VELASQUEZ, an individual,          Case No.

12          Plaintiff,                   **DECLARATION OF BENJAMIN A. MAINS**
13                                        **IN SUPPORT OF DEFENDANT FASTENAL**
**COMPANY'S NOTICE OF REMOVAL OF**
14     v.                                 **CIVIL ACTION UNDER 28 U.S.C. §§ 1332,**
**1441 AND 1446**
14  FASTENAL COMPANY, a Minnesota
corporation; BRIAN KONICKE, an           **[DIVERSITY   JURISDICTION]**
15  individual; and DOES 1 through 30, inclusive,
                                          Complaint Filed:  December 7, 2021
16          Defendants.                   Trial Date:        None Set

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Benjamin A. Mains, hereby declare and state as follows:

2    1.    I am an attorney licensed to practice before all of the courts of the State of California,

3    a member of the bar of this Court, and an associate at the law firm of Ogletree, Deakins, Nash, Smoak

4    & Stewart, P.C., counsel for Defendant Fastenal Company ("Defendant Fastenal") in this action.  As

5    a counsel of record, I am familiar with case records and proceedings in this action that plaintiff James

6    Velasquez ("Plaintiff") initiated in California Superior Court, County of Santa Cruz ("Santa Cruz

7    Superior Court") entitled *James Velasquez v. Fastenal Company, et al.,* Case No. 21CV02933 (the

8    "State Action").  I have personal knowledge of all of the facts set forth in my declaration, and if

9    called upon to testify to the same, I could and would do so competently and truthfully.

10    2.    Attached as **Exhibit A** to my declaration are true and correct copies of the Civil Cover

11    Sheet, Summons and Complaint that Plaintiff filed on December 7, 2021, in Santa Cruz Superior

12    Court to initiate the State Action.

13    3.    Plaintiff first effected service of the Summons and Complaint on Defendant Fastenal

14    in the State Action on December 27, 2021, pursuant to California Code of Civil Procedure § 415.30.

15    Attached as **Exhibit B** to my declaration is a true and correct copy of the "Notice and

16    Acknowledgment of Receipt – Civil" that Defendant Fastenal signed on December 27, 2021 and

17    thereafter returned to Plaintiff (through counsel), resulting in service on Defendant Fastenal first

18    being effected on that date**.**

19    4.    Attached as **Exhibit C** to my declaration is a true and correct copy of the Answer to

20    Plaintiff's Complaint that Defendant Fastenal filed in Santa Cruz Superior Court on January 21,

21    2022, in the State Action.

22    5.    On January 26, 2022, I reviewed the Santa Cruz Superior Court's on-line docket for

23    the State Action, and I identified one additional document on file in the State Action.  Attached as

24    **Exhibit D** to my declaration is a true and correct copy of the Case Management Information and

25    Setting notice issued by the Santa Cruz Superior Court on December 7, 2021.  Other than the

26    foregoing pleadings and documents, I am unaware of any other documents on file with the Santa

27    Cruz Superior Court in the State Action.

28    */ / /*

DECLARATION OF BENJAMIN A. MAINS IN SUPPORT OF DEFENDANT FASTENAL COMPANY'S
NOTICE OF REMOVAL

6.      Other than fictitiously named "Doe" defendants, Plaintiff's Complaint names one additional defendant, Brian Konicke ("Defendant Konicke").  My understanding is that as of the date of my declaration, Plaintiff has yet not effected service of the Summons and Complaint on Defendant Konicke.  Defendant Fastenal is the only named defendant that has been served with the Summons and Complaint currently, and Defendant Konicke remains unserved.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on January 26, 2022, at San Francisco, California.


Benjamin A. Mains

Case No.
DECLARATION OF BENJAMIN A. MAINS IN SUPPORT OF DEFENDANT FASTENAL COMPANY'S
NOTICE OF REMOVAL

50050373.v1-OGLETREE

EXHIBIT A

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brad Stuckey   SBN: 214971<br>WILSHIRE LAW FIRM<br>3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010<br>TELEPHONE NO.: (213) 381-9988   FAX NO. (Optional): (213) 381-9989<br>E-MAIL ADDRESS: bstuckey@wilshirelawfirm.com<br>ATTORNEY FOR (Name): James Velasquez | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Cruz<br>12/7/2021 4:00 PM<br>Alex Calvo, Clerk<br>By: Richard Kersten Seago, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS: 701 Ocean Street
CITY AND ZIP CODE: Santa Cruz, 95060
BRANCH NAME: Santa Cruz Main Courthouse

CASE NAME: James Velasquez v. Fastenal Company, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21CV02933<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/7/2021

Brad Stuckey
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:** FASTENAL COMPANY, a Minnesota
*(AVISO AL DEMANDADO):* corporation; BRIAN KONICKE, an individual; and
DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES VELASQUEZ, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
12/7/2021 4:00 PM
Alex Calvo, Clerk
By: Richard Kersten Seago, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Cruz
701 Ocean Street
Santa Cruz, California  95060

</td><td>

CASE NUMBER:
*(Número del Caso):* **21CV02933**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010                    (213) 381-9988

DATE:                                                                      Clerk, by _____ , Deputy
*(Fecha)*   12/7/2021      **ALEX CALVO**   *(Secretario)*                                      *(Adjunto)*

Richard Kersten Seago

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

1  Brad Stuckey (SBN 214971)
2  Bobby Saadian (SBN 250377)
   **WILSHIRE LAW FIRM**
3  **A Professional Law Corporation**
   3055 Wilshire Blvd., 12th Floor
4  Los Angeles, California 90010
   Telephone:     (213) 381-9988
5  Facsimile:     (213) 381-9989
   Email:         bstuckey@wilshirelawfirm.com
6
7  Attorneys for Plaintiff
   James Velasquez

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
12/7/2021 4:00 PM
Alex Calvo, Clerk
By: Richard Kersten Seago, Deputy

*Left margin (vertical):* **WILSHIRE LAW FIRM** / A Professional Law Corporation / Los Angeles, California

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CRUZ

| | |
|---|---|
| JAMES VELASQUEZ, an individual, | Case No: **21CV02933** |
| Plaintiff. | **COMPLAINT FOR DAMAGES** |
| -vs.- | |
| FASTENAL COMPANY, a Minnesota corporation; BRIAN KONICKE, an individual; and DOES 1 through 30, inclusive, | |
| Defendants. | |

1. Discrimination Based on Physical Disability;
2. Failure to Accommodate Actual or Perceived Physical Disability;
3. Failure to Engage in Good Faith Interactive Process;
4. Harassment – Hostile Workplace Environment
5. Failure to Prevent Discriminatory Practices;
6. Fair Employment & Housing Act Retaliation;
7. Interference with California Family Rights Act Leave;
8. Retaliation for Requesting/Taking California Family Rights Act Leave;
9. Wrongful Termination in Violation of Public Policy;

**DEMAND FOR JURY TRIAL**

1

COMPLAINT FOR DAMAGES

1

Plaintiff, James Velasquez, alleges as follows:

2

**PRELIMINARY MATTERS**

3

**(Jurisdiction, Parties, and Venue)**

4

1.      At all times mentioned herein, plaintiff James Velasquez ("Plaintiff" or

5

"Velasquez") was an individual over the age of 18 and a resident of the County of Santa Cruz, State

6

of California.

7

2.      At all times mentioned herein, defendant Fastenal Company ("Defendant Fastenal")

8

was a Minnesota corporation doing business in the County of Santa Cruz, State of California.

9

3.      At all times mentioned herein, defendant Brian Konike  ("Defendant Konike" or

10

collectively with co-defendants as "Defendants") was, employed by Defendant Fastenal, and was

11

and is a resident of Santa Cruz County, State of California. At all relevant times, Defendant

12

Konicke occupied a managerial and/or supervisorial position at Defendant Fastenal, had direct

13

supervisory authority over Plaintiff, and/or exercised supervisory authority over Plaintiff within the

14

scope of Defendant Konicke's employment and authority.

15

4.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

16

associate, or otherwise, of defendants sued herein as Does 1 through 30, inclusive, and therefore

17

sues defendants under such fictitious names. Plaintiff is informed and believes and therefore alleges

18

that each of the defendants designated herein as DOE is legally responsible in some manner for the

19

events and happenings herein referred to, and proximately caused injury and damages thereby to

20

Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Does 1

21

through 30 are residents and citizens of the State of California.

22

5.      At all relevant times, each defendant and Does 1-30, were the agents, servants, and

23

alter-egos of each other, and as such, the acts and omissions of one defendant are considered the

24

acts and omissions of all defendants. Plaintiff is informed and believes and thereon alleges that

25

there is such unity of interests and ownership between these defendants that separate status no

26

longer exists, and that observance of the fiction of separate existence among these defendants would

27

sanction fraud and promote injustice.

28

6.      All actions and conduct of Defendant and Does 1-30 as alleged herein were

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

1

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

committed in Santa Cruz County, State of California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of Santa Cruz County, California.

7.      The amount of damages in controversy and demanded by Plaintiff is greater than $25,000.00.

8.      Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and has received and served a right-to-sue letter. A true and correct copy of Plaintiff's Charge and Right to Sue letter is attached hereto as Exhibit A.

## **FACTUAL ALLEGATIONS**

9.      Plaintiff hereby incorporates by reference all prior paragraphs of the allegations as though fully set forth herein.

10.     Plaintiff Velasquez was employed by Defendant at its facility located in Santa Cruz, California from January 10, 2017 to February 10, 2021.

11.     On or around September 23, 2020, Velasquez's physician notified Velasques that he suffered from work-related depression, anxiety, and insomnia. Velasquez was prescribed medication and placed on medical leave from September 23, 2020 to September 30, 2020. Velasquez notified his supervisor, Defendant Konicke, and provided Konicke with supporting medical documentation. On September 30, 2021, Velasquez returned to work.

12.     On or about January 19, 2021, Velasquez experienced chest pain and covid like symptoms while at work. Velasquez immediately notified Konicke and then sought medical attention. Velasquez's medical provider placed Velasquez on a medical leave of absence to January 26, 2021. On January 26, 2021, Velasquez returned to work.

13.     On or around January 27, 2021, Velasquez experienced chest pain and developed a severe headache while at work. Velasquez notified Konicke of his symptoms and Konicke instructed him to leave work early. Velasquez immediately sought medical attention and was diagnosed with work-related anxiety. Velasquez's physician placed him on medical leave until March 8, 2021. Velasquez notified Defendant and provided medical documentation to Human Resources representative, Jessica Fortek ("Fortek"), and Konicke.

COMPLAINT FOR DAMAGES

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

14.     On or about February 8, 2021 and February 9, 2021 Konicke contacted Valasquez and requested he report to the office for a meeting.

15.     On February 10, 2021, Velasquez contacted Konicke via telephone.  Konicke accused Velasquez of falsely invoicing a customer in November 2020 after the customer had refused to accept product the customer had ordered. Velasquez explained that at the time he consulted his superior, Tim Rooney ("Rooney") regarding this issue and that Rooney instructed Velasquez to invoice the customer according to Defendant's non-cancellation and non-return policy. Velasquez explained that he complied with Rooney's instructions and invoiced the customer. Konicke further questioned Velasquez of certain damage to a work vehicle implying that Velasquez was at fault. Konicke denied responsibility and identified a co-worker who had damaged the vehicle.

16.     Defendant terminated Velasquez's employment on February 10, 2021.

## FIRST CAUSE OF ACTION

Discrimination Based on Physical Disability

(Government Code §§ 12940 (a) and 12926 (o))

(Against Defendant Fastenal and Does 1-30)

17.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

18.     At all relevant times, Government Code §§ 12940 (a) and 12926 (o), were in full force and effect and binding on Defendant Fastenal. These statutes prohibit Defendant Fastenal from discriminating against any employee based on that employee's actual and/or perceived physical disability.

19.     Plaintiff alleges that Plaintiff's physical disability was a motivating factor in Defendant Fastenal wrongdoing, including without limitation, the following: (1) Defendant Fastenal's refusal to reasonably accommodate Plaintiff's disability; (2) Defendant Fastenal's failure to engage in a timely, good-faith, interactive process with Plaintiff to determine whether a reasonable accommodation could be provided for his disability; and (3) terminating Plaintiff's employment due to his physical disability.

COMPLAINT FOR DAMAGES

20.     At all relevant times, Plaintiff was an individual with a disability within the meaning of Government Code § 12926 (m). Additionally, at all relevant times, Plaintiff was willing, able, and qualified to perform the duties and functions of the position in which he was employed and/or trained, or could have performed the duties and functions of that position with reasonable accommodation. At no time would Plaintiff's performance of the employment position, with reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health or safety. Reasonable accommodation of Plaintiff's disability would not have imposed an undue hardship on Defendant Fastenal.

21.     Defendant Fastenal's acts and omissions, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's physical disability, in violation of Government Code § 12900, *et seq.*

22.     As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

23.     As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

24.     As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

25.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame,

despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

26.     Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

27.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is hereinafter more fully set forth.

## SECOND CAUSE OF ACTION

Failure to Accommodate Actual or Perceived Physical Disability

(Government Code § 12940 (m))

(Against Defendant Fastenal and Does 1-30)

28.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

29.     At all relevant times, Government Code §§ 12940 (a) and 12940 (m), were in full force and effect and binding on Defendant Fastenal. These statutes require Defendant Fastenal to provide reasonable accommodation to known disabled employees.

30.     At all relevant times, Defendant Fastenal was fully aware of Plaintiff's disability. Plaintiff attempted to obtain reasonable accommodation from Defendant Fastenal for his disability. Defendant Fastenal, through its owners, managers, employees, and agents, refused to provide

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

1  Plaintiff with reasonable accommodations and refused to engage in any meaningful discussion to

2  determine if Plaintiff could be reasonably accommodated. Reasonable accommodation of Plaintiff's

3  disability would not have imposed an undue hardship on Defendant Fastenal.

4      31.    Defendant Fastenal's discriminatory and retaliatory actions against Plaintiff, as

5  alleged above, constitute unlawful discrimination in employment on account of Plaintiff's

6  disability, in violation of the Fair Employment and Housing Act, because Defendant Fastenal failed

7  to reasonably accommodate Plaintiff's disability despite full awareness thereof and despite being

8  requested to provide reasonable accommodations. (See Government Code § 12940 (m)).

9      32.    Defendant Fastenal's acts and omissions, including failing to reasonably

10 accommodate Plaintiff, constitute unlawful and discriminatory employment practices on account of

11 Plaintiff's physical disability in violation of Government Code § 12900, *et seq*.

12     33.    As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as

13 alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings

14 and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact

15 amount of which is not yet known, which amount will be proven at trial.

16     34.    As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts

17 and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress,

18 and will incur other incidental and consequential damages and losses, all in amounts to be proven at

19 trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

20 any provision of law providing for prejudgment interest.

21     35.    As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory

22 and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

23 special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

24 amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and

25 wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

26 opportunities as experience in the position Plaintiff held and advancement opportunities.

27     36.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to

28 act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame,

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

1    despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur

2    damages in an amount to be proven at trial.

3         37.    Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and

4    oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and

5    evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's

6    wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the

7    alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director,

8    or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its

9    decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or

10   authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and

11   exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and

12   sufficient to punish and deter future similarly reprehensible conduct.

13        38.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

14   the Fair Employment and Housing Act.

15        **WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is

16   hereinafter more fully set forth.

17                           **THIRD CAUSE OF ACTION**

18                    Failure to Engage in Good Faith Interactive Process

19                          (Government Code § 12940 (n))

20                     (Against Defendant Fastenal and Does 1-30)

21        39.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth

22   in full in this cause of action.

23        40.    At all relevant times, Government Code §§ 12940 (a) and 12940 (n) were in full

24   force and effect and binding on Defendant Fastenal. These statutes require Defendant Fastenal to

25   engage in a timely, good-faith, interactive process with an employee who has a known disability or

26   known medical condition to determine whether an effective reasonable accommodation can be

27   provided.

28        41.    At all relevant times, Defendant Fastenal knew that Plaintiff had a physical

1   disability, and Plaintiff attempted to obtain from Defendant Fastenal a reasonable accommodation

2   for his disability. Defendant Fastenal, through its employees and agents, failed to adequately and

3   timely respond to Plaintiff's requests for reasonable accommodation and refused to engage in any

4   meaningful discussion to determine whether Plaintiff could be provided with reasonable

5   accommodation.

6          42.    Defendant Fastenal refused and failed to engage in a timely and adequate good-faith

7   interactive process with Plaintiff to determine an effective reasonable accommodation in response

8   to Plaintiff's request for reasonable accommodation in violation of Government Code § 12940 (n).

9          43.    Defendant Fastenal's acts and omissions, including terminating Plaintiff's

10   employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's

11   physical disability, in violation of Government Code § 12900, *et seq.*

12         44.    As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as

13   alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings

14   and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact

15   amount of which is not yet known, which amount will be proven at trial.

16         45.    As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts

17   and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress,

18   and will incur other incidental and consequential damages and losses, all in amounts to be proven at

19   trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

20   any provision of law providing for prejudgment interest.

21         46.    As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory

22   and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

23   special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

24   amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and

25   wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

26   opportunities as experience in the position Plaintiff held and advancement opportunities.

27         47.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to

28   act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame,

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

COMPLAINT FOR DAMAGES

despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

48.     Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

49.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is hereinafter more fully set forth.

## FOURTH CAUSE OF ACTION

Harassment – Hostile Workplace Environment

(Government Code §§ 12940 (a) and 12926 (o))

(Against Defendants and Does 1-30)

50.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

51.     At all times herein mentioned, Government Code §§ 12940 (a) and 12926(o) were in full force and effect and binding on Defendants. These statutes prohibit Defendants from discriminating against, harassing, and retaliating against any employee based on physical disability.

52.     At all relevant times, Plaintiff was an employee of Defendant Fastenal. Plaintiff was subjected to the harassing conduct of all Defendants, including Defendant Konicke, because of

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

COMPLAINT FOR DAMAGES

physical disability.

53.    At all relevant times, Defendant Konicke occupied managerial positions at Defendant Fastenal, had direct supervisory authority over Plaintiff, and/or directly supervised Plaintiff within the scope of employment and authority.

54.    As alleged in this Complaint, Defendants' harassment included, without limitation: Defendant Konike's wrongfully accusing Velasquez of falsely invoicing a customer and damaging company property.

55.    Defendants' conduct subjected Plaintiff to harassment based on Plaintiff's physical disability thereby creating an abusive, hostile, intimidating, oppressive, and offensive work environment for Plaintiff.

56.    Defendants' harassing conduct was both severe and pervasive. Frequent and continuous, Defendants' harassment altered the conditions of Plaintiff's employment and created a work environment that is hostile, intimidating, offensive, oppressive, and abusive for Plaintiff.

57.    Any reasonable person in Plaintiff's circumstances would have considered the work environment created by Defendants' harassment to be hostile, intimidating, offensive, oppressive, and abusive. Plaintiff considered his work environment, at all relevant times, to be hostile, intimidating, offensive, oppressive, and abusive.

58.    Defendants knew of the harassing conduct of each other towards Plaintiff and failed to take immediate and appropriate corrective action. Therefore, Defendants, and each of them, are responsible for each other's harassing conduct towards Plaintiff.

59.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

60.    As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

COMPLAINT FOR DAMAGES

any provision of law providing for prejudgment interest.

61.     As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

62.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

63.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendants' wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

64.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendants and Does 1-30 as is hereinafter more fully set forth.

////

////

////

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

COMPLAINT FOR DAMAGES

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

**FIFTH CAUSE OF ACTION**

Failure to Prevent Discriminatory Practices

(Government Code § 12940 (k))

(Against Defendant Fastenal and Does 1-30)

65.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

66.     At all times herein mentioned, Government Code§ 12940 (k) was in full force and effect and was binding on Defendant Fastenal. This statute required Defendant Fastenal to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

67.     Plaintiff was subjected to discrimination, harassment, and retaliation due to Plaintiff's physical disability  Defendant Fastenal failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendants' full awareness thereof in violation of Government Code § 12900, *et seq*.

68.     As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

69.     As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

70.     As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

opportunities as experience in the position Plaintiff held and advancement opportunities.

71.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

72.     Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

73.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is hereinafter more fully set forth.

## SIXTH CAUSE OF ACTION

Fair Employment & Housing Act Retaliation

(Government Code § 12940 (h))

(Against Defendant Fastenal and Does 1-30)

74.     Plaintiff hereby incorporates by reference all prior paragraphs of the allegations as though fully set forth herein.

75.     California Government Code § 12940 (h) makes it unlawful for an employer to discharge, expel, or otherwise discriminate against any person, including adversely affecting working conditions, because the person has opposed any practices forbidden under Fair

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

13

Employment & Housing Act.

76.     As alleged herein, on one or more occasions during his employment, Plaintiff engaged in protected activities, including but not limited to the following:

(a)     Requesting and/or requiring disability-related reasonable accommodations.

(b)     Requesting and/or requiring an interactive process.

(c)     Requesting and/or taking CFRA leave.

77.     Plaintiff is informed and believes and thereon alleges that his engaging in the above-protected activities, and/or some combination of those factors, were the motivating reasons and/or factors in Defendant Fastenal's decisions to subject Plaintiff to the adverse employment actions, including but not limited to wrongfully accusing him of violation workplace policy and terminating his employment.

78.     Defendant Fastenal violated FEHA by retaliating against Plaintiff and terminating Plaintiff's employment for attempting to exercise his protected rights, as set forth above.

79.     As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

80.     As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

81.     As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

14

82.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

83.     Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

84.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is hereinafter more fully set forth.

### SEVENTH CAUSE OF ACTION

Interference with California Family Rights Act Leave

(Government Code § 12900, *et seq.*)

(Against Defendant Fastenal and Does 1-30)

187.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

188.     At all times herein mentioned, the California Family Rights Act ("CFRA") was in full force and effect and was binding on Defendant Fastenal. The CFRA authorizes eligible employees to take up a total of 12 weeks of paid or unpaid job-protected leave during a 12-month period.

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

189.     Plaintiff requested a CFRA leave of absence from Defendant Fastenal for his serious health condition. Plaintiff had been employed by Defendant Fastenal for at least 12 months as of the requested leave date and completed at least 1250 hours of service during the 12-month period immediately preceding the request for leave. In addition, Defendant Fastenal employed at least 5 employees.

190.     The California Family Rights Act and other applicable provisions make it unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

191.     Plaintiff requested CFRA leave from Defendant Fastenal for his serious health condition. Defendant Fastenal terminated Plaintiff's employment while on CFRA leave in violation of California Government Code §12945.2 for taking time off work due to his disability.

192.     Defendant Fastenal terminated Plaintiff for taking CFRA leave, failed to provide him with CFRA leave and interfered with Choose an item. statutory right to do so and retaliated against Choose an item. for taking and/or requesting CFRA leave. Rather than providing Plaintiff a protected leave of absence, Plaintiff was instead terminated.

193.     As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

194.     As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

195.     As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and

wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

196.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

197.    Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

198.    155.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

WHEREFORE, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is hereinafter more fully set forth.

## EIGHTH CAUSE OF ACTION

Retaliation for Requesting/Taking California Family Rights Act Leave

(Government Code § 12900, *et seq.*)

(Against Defendant Fastenal and Does 1-30)

199.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

200.    At all times herein mentioned, the California Family Rights Act ("CFRA") was in full force and effect and was binding on Defendant Fastenal. The CFRA authorizes eligible employees to

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

17

take up a total of 12 weeks of paid or unpaid job-protected leave during a 12-month period.

201.    Plaintiff requested a CFRA leave of absence from Defendant Fastenal for his serious health condition. Plaintiff had been employed by Defendant Fastenal for at least 12 months as of the requested leave date and completed at least 1250 hours of service during the 12-month period immediately preceding the request for leave. In addition, Defendant Fastenal employed at least 5 employees.

202.    The California Family Rights Act and other applicable provisions make it unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

203.     As a result of Plaintiff requesting and taking CFRA leave, Defendant Fastenal terminated Plaintiff's employment while on leave in violation of California Government Code §12945.2.

204.    As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

205.    As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

206.    As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

207.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

208.    Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

209.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is hereinafter more fully set forth.

## NINTH CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

(As to Defendant Fastenal and Does 1-30)

210.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

211.    Throughout his employment with Defendant Fastenal, Plaintiff performed the duties of his work assignments in a competent manner.

212.    Under California law, no employee can be terminated or subjected to adverse employment action for a reason that violates a fundamental public policy.

213.    Plaintiff believes and, on that basis, alleges that his

(a)    Physical Disability.

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

1    (b)    Requesting disability-related reasonable accommodations.

2    (c)    Requesting and/or taking CFRA leave.

3    (d)    Reporting a workplace injury.

4  and/or some combination of these factors were motivating reasons for his termination. Plaintiff's

5  termination violated the public policy of the State of California and the United States imposing

6  general business duties with which every business entity must comply. Defendants' conduct

7  violated the California Constitution and the California Fair Employment and Housing Act, codified

8  in Government Code § 12940 , *et seq.*

9    214.    As a direct, foreseeable, and proximate result of Defendant Fastenal's conduct as

10 alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and

11 other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact

12 amount of which is not yet known, which amount will be proven at trial.

13    215.    As a direct, foreseeable, and proximate result of Defendant Fastenal's wrongful acts

14 and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress,

15 and will incur other incidental and consequential damages and losses, all in amounts to be proven at

16 trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

17 any provision of law providing for prejudgment interest.

18    216.    As a direct, foreseeable, and proximate result of Defendant Fastenal's discriminatory

19 and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

20 special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

21 amounts of money Plaintiff would have received but for Defendant Fastenal's discriminatory and

22 wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related

23 opportunities as experience in the position Plaintiff held and advancement opportunities.

24    217.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to

25 act by Defendant Fastenal, Plaintiff has suffered and will continue to suffer humiliation, shame,

26 despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur

27 damages in an amount to be proven at trial.

28    218.    Defendant Fastenal committed the acts alleged herein maliciously, fraudulently, and

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

COMPLAINT FOR DAMAGES

1    oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and

2    evil motive amounting to malice or despicable conduct. Alternatively, Defendant Fastenal's

3    wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the

4    alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director,

5    or a managing agent and Defendant Fastenal had advance knowledge of the unfitness of its

6    decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or

7    authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and

8    exemplary damages in an amount commensurate with Defendant Fastenal's wrongful acts and

9    sufficient to punish and deter future similarly reprehensible conduct.

10       **WHEREFORE**, Plaintiff prays judgment against Defendant Fastenal and Does 1-30 as is

11   hereinafter more fully set forth.

12                                   **<u>PRAYER FOR RELIEF</u>**

13       **WHEREFORE**, Plaintiff prays for judgment against each defendant, as is fully set forth

14   below:

15       a.   That Defendants and Does 1-30 are found to have violated California Government Code

16            § 12940, *et seq.*;

17       b.   That Defendant Fastenal and Does 1-30 are found to have violated the California Family

18            Rights Act.

19       c.   That Defendant Fastenal and Does 1-30 are found to have wrongfully terminated

20            Plaintiff in violation of public policy;

21       d.   That Defendants and Does 1-30's violations as described above are found to be willful;

22       e.   For general damages in a sum according to proof;

23       f.   For special damages in a sum according to proof;

24       g.   For compensatory damages;

25       h.   For statutory penalties;

26       i.   For treble damages pursuant to California Civil Code § 3345;

27       j.   For costs of suit herein incurred;

28       k.   For pre and post-judgment interest;

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

l.  For punitive and exemplary damages;

m.  An award of reasonable attorneys' fees and costs in accordance with California law, including but not limited to the California Civil Code, Government Code, and/or Code of Civil Proc. § 1021.5;

n.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:  December 7, 2021

WILSHIRE LAW FIRM
A Professional Law Corporation


By: _____
Brad Stuckey
Bobby Saadian

Attorneys for Plaintiff
James Velasquez

COMPLAINT FOR DAMAGES

Exhibit A



STATE OF CAL FORNIA | Business Consumer Services and Housing Agency                    GAVIN NEWSOM GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, D RECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 7, 2021

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202112-15560806
Right to Sue: Velasquez / Fastenal Company et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CAL FORNIA | Business  Consumer Services and Housing Agency                    GAVIN NEWSOM  GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, D RECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 7, 2021

James Velasquez



RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202112-15560806
        Right to Sue: Velasquez / Fastenal Company et al.

Dear James Velasquez:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective December 7, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

STATE OF CAL FORNIA | Business  Consumer Services and Housing Agency                                                          GAVIN NEWSOM  GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, D RECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

James Velasquez                                        DFEH No. 202112-15560806

Complainant,

vs.

Fastenal Company
2001 Theurer Blvd
Winona, MN 55987

Brian Konicke
124 River St
Santa Cruz, CA 95060

Respondents

_____

**1.** Respondent **Fastenal Company** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Brian Konicke** individual as Co-Respondent(s).

**3**. Complainant **James Velasquez**, resides in the City of **Santa Cruz,** State of **CA.**

**4**. Complainant alleges that on or about **February 10, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability.

-1-
*Complaint – DFEH No. 202112-15560806*

Date Filed: December 7, 2021

DFEH-ENF 80 RS

**Additional Complaint Details:** Complainant was a member of protected class and Respondents mistreatment of complainant was in violation of FEHA, Government Code, 12926, and 12940 et seq. The discrimination, harassment and retaliation were continuing until Respondent Fastenal Company fired Complainant. Respondent Fastenal Company also failed to investigate, prevent or remedy the discrimination or retaliation.

Complainant was employed by Respondent Fastenal Company at its facility located in Santa Cruz, California from January 10, 2017 to February 10, 2021. On or around September 23, 2020, Complainant's physician notified him that he suffered from work-related depression, anxiety, and insomnia. Complainant was prescribed medication and placed on medical leave from September 23, 2020 to September 30, 2020. Complainant notified his supervisor and provided Respondents with supporting medical documentation. On September 30, 2021, Complainant returned to work. On or about January 19, 2021, Complainant experienced chest pain and covid like symptoms while at work. Complainant immediately notified Respondents and then sought medical attention. Complainant's medical provider placed him on a medical leave of absence to January 26, 2021. On January 26, 2021, Complainant returned to work.

On or around January 27, 2021, Complainant experienced chest pain and developed a severe headache while at work. Complainant notified Respondents of his symptoms and Respondents instructed him to leave work early. Complainant  immediately sought medical attention and was diagnosed with work-related anxiety. Complainant's physician placed him on medical leave until March 8, 2021. Complainant notified Respondents and provided medical documentation to Human Resources representative, Jessica Fortek ("Fortek"), and Respondents.

On February 10, 2021, Complainant contacted Respondent Konicke via telephone. Respondent Konicke accused Complainant of falsely invoicing a customer in November 2020 after the customer had refused to accept product the customer had ordered. Complainant explained that at the time he consulted his superior, Tim Rooney ("Rooney") regarding this issue and that Respondent instructed Complainant to invoice the customer according to Respondent's non-cancellation and non-return policy. Complainant explained that he complied with Rooney's instructions and invoiced the customer. Respondent Konicke also wrongfully accused Complainant of certain damage to a work vehicle implying that Complainant was at fault. Complainant denied responsibility and identified a co-worker who had damaged the vehicle.

Fastenal Company terminated Complainant's employment on February 10, 2021 while he was on medical leave.

-2-

*Complaint – DFEH No. 202112-15560806*

Date Filed: December 7, 2021

1  VERIFICATION

2  I, **John Stuckey**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.
4
5  On December 7, 2021, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.

6                                                                    **Los Angeles. California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -3-
                                 *Complaint – DFEH No. 202112-15560806*
27
   Date Filed: December 7, 2021
28

                                                                         DFEH-ENF 80 RS

EXHIBIT B

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brad Stuckey                          SBN: 214971 <br> WILSHIRE LAW FIRM <br> 3055 Wilshire Blvd., 12th Floor <br> Los Angeles, California 90010 <br> TELEPHONE NO.: (213) 381-9988          FAX NO. *(Optional):* (213) 381-9989 <br> E-MAIL ADDRESS *(Optional):* bstuckey@wilshirelawfirm.com <br> ATTORNEY FOR *(Name):* James Velasquez | ELECTRONICALLY FILED <br> Superior Court of California <br> County of Santa Cruz <br> 1/11/2022 3:42 PM <br> Alex Calvo, Clerk <br> By: Sandra Gonzalez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS: 701 Ocean Street
CITY AND ZIP CODE: Santa Cruz, 95060
BRANCH NAME: Santa Cruz Main Courthouse

PLAINTIFF/PETITIONER:  James Velasquez

DEFENDANT/RESPONDENT: Fastenal Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 21CV02933 |
|---|---|

TO *(insert name of party being served):* Fastenal Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/8/2021

Brad Stuckey
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):* Civil Case Cover Sheet; Case Management Conference Notice

*(To be completed by recipient):*

Date this form is signed: 12/27/2021

Benjamin A. Mains
on belhalf of Fastenal Company
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY.
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1 <br> Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder™ |

**PROOF OF SERVICE**
*James Velasquez v. Fastenal Company, et al.*
Santa Cruz Superior Court Case No. 21CV02933

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  I am employed in the County of San Francisco in the office of a member of the bar of this court at whose direction this service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.  My email address is jessica.libbey@ogletree.com.

On December 28, 2021, I served the following document(s):

**NOTICE OF ACKNOWLEDGMENT AND RECEIPT – CIVIL**
**(EXECUTED ON BEHALF OF DEFENDANT FASTENAL COMPANY)**

on the person(s) and address(es) listed below in the method of service indicated:

| | |
|---|---|
| Brad Stuckey, Esq.<br>Bobby Saadian, Esq.<br>WILSHIRE LAW FIRM<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>Telephone:  (213) 381-9988<br>Facsimile:  (213) 381-9989<br>bstuckey@wilshirelawfirm.com<br>bobby@wilshirelawfirm.com | Counsel for Plaintiff James Velasquez |

☐   **BY MAIL:**  Addressed to the person(s) listed above with postage thereon fully prepaid, and placing it for collection and mailing on the date set forth below following ordinary business practices.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence placed for collection and mailing is deposited with the United States Postal Service at San Francisco, California, that same day in the ordinary course of business.

☐   **PERSONAL SERVICE (BY MESSENGER):**  I caused the above-entitled document(s) to be personally served upon the addressed parties listed directly above by placing the document(s) in a sealed envelope(s) to be hand-delivered by same-day messenger service.

☐   **OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

1  ☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an
2      agreement of the parties to accept service by e-mail or electronic transmission, I caused the
       documents to be sent to the person[s] at the e-mail address[es] listed above from my email
3      address, jessica.libbey@ogletree.com. I did not receive, within a reasonable time after the
       transmission, any electronic message or other indication that the transmission was
4      unsuccessful.

5
           I declare under penalty of perjury under the laws of the State of California that the above is
6  true and correct.   Executed on December 28, 2021 at San Francisco, CA.

7

8      _____
       JESSICA E. LIBBEY
9                      I

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

MICHAEL N. WESTHEIMER, CA Bar No. 178938
michael.westheimer@ogletree.com
BENJAMIN A. MAINS, CA Bar No. 274056
benjamin.mains@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone:     (415) 442.4810
Facsimile:     (415) 442.4870

Attorneys for Defendant
FASTENAL COMPANY

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/21/2022 12:43 PM
Alex Calvo, Clerk
By: Marlen Pineda, Deputy

*Marlen Pineda*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CRUZ

| | |
|---|---|
| JAMES VELASQUEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>FASTENAL COMPANY, a Minnesota<br>corporation; BRIAN KONICKE, an individual,<br>and DOES 1 through 30, inclusive,<br><br>          Defendants. | Case No. 21CV02933<br><br>**DEFENDANT FASTENAL COMPANY'S<br>ANSWER TO PLAINTIFF JAMES<br>VELASQUEZ'S COMPLAINT**<br><br><br><br>Action Filed:     December 7, 2021<br>Trial Date:       None Set |

Defendant FASTENAL COMPANY ("Defendant") hereby responds to unverified Complaint ("Complaint") that Plaintiff JAMES VELASQUEZ ("Plaintiff") filed in the above-captioned action on December 7, 2021, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in the Complaint, and further denies that Plaintiff was damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or any of its agents or employees.

Defendant further asserts the following affirmative defenses and prays for judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each and every cause of action alleged therein, is barred in whole or in part, by the applicable statute of limitations, including California Code of Civil Procedure sections 335.1, 338-340, 343, and California Government Code sections 12960, and 12965(b).

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, by Plaintiff's failure to timely and successfully exhaust required administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

4.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, by the doctrine of avoidable consequences.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, because Plaintiff has failed to mitigate his damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiff unreasonably delayed asserting claims and Defendant was unduly prejudiced.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

8.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, by the doctrine of after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

9.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, by the exclusivity provisions of the California Workers Compensation Act (Labor Code Sections 3200-6208).

## TENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

10.      The Complaint, and each cause of action alleged therein, is barred in whole or in part, to the extent that any workplace accommodation that Plaintiff contends he requested and was denied would have posed an undue hardship on Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

11.     The Complaint, and each cause of action alleged therein, is barred in whole or in part, to the extent that Plaintiff has waived his claims and/or is estopped by his own acts, omissions, representations, and/or courses of action from asserting some or all of the causes of action upon which he seeks relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Independent, Intervening, and Superseding Causes)

12.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any damages suffered by Plaintiff are the proximate result of independent, intervening, or superseding causes, including without limitation, the conduct of Plaintiff or others, for which or whom Defendant was not and is not responsible, and therefore, Plaintiff's damages, if any, are unrelated to any conduct on the part of Defendant, anyone acting on Defendant's behalf, or Plaintiff's employment with Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Exercise of Managerial Discretion)

13.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant's alleged conduct toward Plaintiff was in good faith. Defendant's actions were privileged, justified, and based on legitimate, non-discriminatory and non-retaliatory reasons, consisting of lawful actions and routine personnel management decisions that were undertaken for fair and honest reasons based upon the then existing circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive / Same Decision)

14.     The Complaint, and each cause of action alleged therein, is barred in whole or in part, because even if Plaintiff could establish the existence of a discriminatory or retaliatory motive for the challenged decision, all of which Defendant expressly denies, Defendant would have made the same decision regardless for legitimate, non-discriminatory, non-retaliatory reasons.

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Business Necessity)

15. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the defense of business necessity.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

16. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extend Plaintiff contends he requested an accommodation that was not provided and such accommodation would pose an undue hardship on Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Endanger Health & Safety)

17. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff contends he requested an accommodation that was not provided and such accommodation could not have been provided without endangering his health or safety and/or the health or safety of others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Employee's Violation of Obligations)

18. Any recovery by Plaintiff on the causes of action pled in the Complaint is barred, in whole or in part, by Plaintiff's violation(s) of California Labor Code sections 2854 and/or 2856, to the extent that Plaintiff failed to use ordinary care and diligence in the performance of his duties and/or failed to substantially comply with the reasonable directions of his employer.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Failure to Meet Requirements of CFRA)

19. The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff failed to provide the proper documentation and/or notice for CFRA or any related leave.

///

///

Case No. 21CV02933

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Statutory Defenses)

3      20.     The Complaint, and each cause of action alleged therein, is barred, in whole or in

4  part, pursuant to 2 CCR 11089(d) insofar as Plaintiff was not entitled to reinstatement or any other

5  benefit of employment for reasons wholly unrelated to any statutory leave of absence or protected

6  activity, and/or insofar as any statutory leave of absence was fraudulently obtained.

7

## TWENTY-FIRST AFFIRMATIVE DEFENSE

8

### (Offset)

9      21.     Any recovery to Plaintiff, which Defendant expressly denies, is barred or should be

10  reduced the extent that Defendant is entitled to an offset of certain income or monies that Plaintiff

11  has received.

12

## TWENTY-SECOND AFFIRMATIVE DEFENSE

13

### (Punitive Damages Unconstitutional)

14      22.     The Complaint, and each cause of action alleged therein, is barred in whole or in part,

15  because Defendant acted at all times reasonably and in good faith, and at no time acted with malice,

16  oppression, or fraud. An award of punitive damages would violate Defendant's rights under the

17  Constitution of the United States and under the Constitution of the State of California, including

18  Defendant's rights to (1) procedural due process waiver under the Fourteenth Amendment of the

19  United States Constitution and the Constitution of the State of California; (2) protection against

20  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article

21  I, Section 17 of the Constitution of the State of California; and (3) substantive due process under the

22  Fifth and Fourteenth Amendments of the Constitution of the United States and the Constitution of

23  the State of California.

24

## RESERVATION OF ADDITIONAL DEFENSES

25      23.     Defendant presently has insufficient knowledge or information on which to form a

26  belief as to whether it may have additional, as yet unstated, available defenses. Defendant reserves

27  herein the right to assert additional affirmative defenses in the event that discovery indicates that

28  they would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by way of this action;

2.      That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.      That this action be dismissed in its entirety, with prejudice;

4.      That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

5.      For such other and further relief as this Court may deem just and proper.

DATED: January 21 , 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
MICHAEL N. WESTHEIMER
BENJAMIN A. MAINS

Attorneys for Defendant
FASTENAL COMPANY

1
2

**PROOF OF SERVICE**
*James Velasquez v. Fastenal Company, et al.*
Santa Cruz Superior Court Case No. 21CV02933

3

4

5

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. I am employed in the County of San Francisco in the office of a member of the bar of this court at whose direction this service was made. My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111. My email address is jessica.libbey@ogletree.com.

6

7

On January 21, 2022, I served the following document(s):

8

**DEFENDANT FASTENAL COMPANY'S ANSWER
TO PLAINTIFF JAMES VELASQUEZ'S COMPLAINT**

9

10

on the person(s) and address(es) listed below in the method of service indicated:

11

12

13

14

15

| | |
|---|---|
| Brad Stuckey, Esq.<br>Bobby Saadian, Esq.<br>WILSHIRE LAW FIRM<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>Telephone: (213) 381-9988<br>Facsimile: (213) 381-9989<br>bstuckey@wilshirelawfirm.com<br>bobby@wilshirelawfirm.com | Counsel for Plaintiff James Velasquez |

16

17

18

19

20

☒ **BY MAIL:** Addressed to the person(s) listed above with postage thereon fully prepaid, and placing it for collection and mailing on the date set forth below following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence placed for collection and mailing is deposited with the United States Postal Service at San Francisco, California, that same day in the ordinary course of business.

21

22

☐ **PERSONAL SERVICE (BY MESSENGER):** I caused the above-entitled document(s) to be personally served upon the addressed parties listed directly above by placing the document(s) in a sealed envelope(s) to be hand-delivered by same-day messenger service.

23

24

25

26

27

☐ **OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

28

Case No. 21CV02933

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail address[es] listed above from my email address, jessica.libbey@ogletree.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 21, 2022 at Antioch, California.

_____

JESSICA E. LIBBEY

Exhibit D



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

Santa Cruz Branch
701 Ocean Street, Room 110
Santa Cruz, CA 95060

| | FOR COURT USE ONLY |
|---|---|
| | **FILED** |
| | 12/7/2021 |
| | Alex Calvo, Clerk |
| | By: Richard Kersten Seago |
| | Deputy, Santa Cruz County |

James Velasquez

vs

BRIAN KONICKE, et al

| **CASE MANAGEMENT INFORMATION AND SETTING** | **CASE NUMBER:** 21CV02933 |
|---|---|

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076 831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060 831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

---

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE:  04/06/2022**          **TIME:  8:30 A.M.    Santa Cruz Department 5**

**Address of the Court: 701 Ocean Street, Santa Cruz, California**

To Appear remotely through **Zoom** at your Case Management Conference visit our court website **https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom**

---



**GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates.